# Buchanan

**Jacqueline M. Weyand**
212 440 4488
jacqueline.weyand@bipc.com

640 Fifth Avenue
9th Floor
New York, NY  10019-6102
T 212 440 4400
F 212 440 4401

October 12, 2023

<u>**Via ECF Filing**</u>
Honorable Valerie E. Caproni, U.S.D.J.
U.S. District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Buchanan Ingersoll & Rooney PC v. Macarthur Court Acquisition Corp. d/b/a Excelera Health*
**Civil Action No. 23-cv-07450 (VEC)**

Dear Judge Caproni:

I write on behalf of Plaintiff, Buchanan Ingersoll & Rooney PC ("Buchanan") in accordance with Your Honor's Notice of Initial Pretrial Conference Order dated August 24, 2023. Although the Court's directive was to submit a joint letter communication, my attempts to communicate with to in-house counsel for defendant Macarthur Court Acquisition Corp. d/b/a Excelera Health's ("Excelera Health") went unanswered. Indeed, I have reached out to counsel for Excelera on at least three occasions, but have not received a response.  As such, the below sets forth Buchanan's position on the case.[1]

## A.  **Description of the Case**

Excelera was a client of Buchanan that failed to pay legal fees it openly admitted on multiple occasions it owed.  On January 19, 2022, the parties executed an Engagement Agreement wherein Excelera retained Buchanan to provide legal services. In accordance with the Engagement Agreement, Buchanan agreed to bill Excelera monthly for legal services and Excelera agreed to pay each invoice upon receipt. In the event that Excelera failed to timely pay an invoice, Exclera agreed interest would accrue on unpaid amounts at a rate of 1.5% per month.

---

[1] Excelera's response to the Complaint is due on October 23, 2023. The Initial Pretrial Conference is scheduled for October 20, 2023.  Buchanan would have accommodated a request from Excelera to briefly adjourn the conference until an answer is filed.  But, we have not received any communications from Excelera since it accepted service of the Complaint on August 29, 2023.  It is unclear as to whether Excelera will be participating in this action.

Honorable Valerie E. Caproni
October 12, 2023
Page 2

Starting in June 2022, Excelera begin to fail to make timely payments as required by the Engagement Agreement. Excelera has acknowledged that his owes Buchanan for the total of the unpaid invoices. In an attempt to resolve the matter amicably, in October 2022, Excelera agreed, in writing, to pay the then outstanding principal balance of $1,065,000 in four payments. Excelera failed to comply with the payment plan. Therefore, in correspondence dated March 30, 2023, Excelera agreed to pay Buchanan the then full principal amount of $1,114,974.81. Again, Excelera failed to make the payments as it had promised.

Finally, on July 31, 2023, the parties entered into a Fee Settlement and Release Agreement ("Settlement Agreement"), which required Excelera to pay $850,000 to Buchanan by no later than August 15, 2023, to resolve its outstanding balance. Excelera failed to pay the $850,000. Per the Settlement Agreement, if Excelera failed to make a timely payment, it agreed that:

1. It would owe Buchanan $1,303,240.00 as of August 16, 2023 with interest continuing to accrue at 1.5% per month,
2. It had reviewed Buchanan's invoices and stipulated that the invoices reflected reasonable and accurate fees that Excelera would not challenge, and

Excelera's general release as to Buchanan in the Settlement Agreement would remain in full force and effect prohibiting Excelera from filing claims or counterclaims against Releasees (as defined therein).

**B.     Contemplated Motions**

Given the nature of this action, Buchanan may seek leave to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); see also Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

**C.     Basis for Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exclusive of interest and costs exceeds $75,000.

Honorable Valerie E. Caproni
October 12, 2023
Page 3

**D.      Prospect for Settlement**

The case should be settled as Excelera has admitted full liability and has waived bringing any counterclaim.  Buchanan has tried (and thought successfully) to settle the matter three times, but Excelera, which is quick to agree to settle, has failed to make promised payments.  Buchanan stands ready to settle, but would ask the court to retain jurisdiction till the payment was made.

**E.      Rule 16 conference**

Buchanan has no objection to the Court entering the parties' proposed Case Management Plan.  However, if the Court believes that an early settlement conference would be appropriate, Buchanan is amenable.

Respectfully submitted,

/s/ *Jacqueline M. Weyand*
Jacqueline M. Weyand, Esq.
Jacqueline.Weyand@bipc.com
Buchanan Ingersoll & Rooney PC
640 Fifth Avenue – 9th Floor
New York, NY 10019-6102
*Counsel for Plaintiff*